IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**JEROME GAFFNEY,**

    **Plaintiff,**

**vs.**                                           **CASE NO. 1:04CV21-SPM/AK**

**GEORGE J. CORWINE,,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se, has paid the filing fee and brings this cause pursuant to 42 U.S.C. § 1983 alleging false arrest and imprisonment by the Defendants.  (Doc. 1).  Defendant Steven Oelrich has moved for summary judgment (doc. 16) and Plaintiff has responded.  (Docs. 18 and 19).

**I.**     **Allegations of the Complaint (doc. 1).**

Plaintiff claims that Defendant George J. Corwine, a deputy sheriff with the Alachua County Sheriff's Office, arrived at Plaintiff's residence on February 19, 2000, to serve a temporary injunction regarding some unspecified domestic violence charge. Plaintiff was asked to leave the residence and allowed time to gather some personal

items.  He claims that at the last minute he realized he left his cell phone in the home and asked Deputy Charles Jacobs, not a named defendant in this cause, if he could retrieve it.  Instead Defendant Corwine cuffed Plaintiff in a rough and painful manner and took him to the Alachua County Jail.  Plaintiff claims that no one told him he was under arrest, but he was charged with "Resisting without Violence."  Plaintiff claims that Defendant Corwine also filed a complaint for violation of a domestic violence injunction.  Plaintiff disagrees with these charges, which were ultimately nolle prossed by the state attorney on April 14, 2000.

Plaintiff seeks compensatory damages for legal costs, mental anguish, embarrassment, and loss of income.

## II.   Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material

**No. 1:04cv21-spm/ak**

facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record."  Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**No. 1:04cv21-spm/ak**

### III. Defendant Oelrich's Rule 56(e) evidence)

Defendant Oelrich has provided his affidavit wherein he attests that he had no personal involvement or any personal knowledge of Plaintiff or the incident of which he complains. Defendant Oelrich also attests that he has no knowledge or reason to believe that there were widespread incidents of officers arresting citizens without probable cause.

### IV. Analysis

Plaintiff does not mention Defendant Sheriff Oelrich in the body of his complaint. In his response to Defendant's motion, Plaintiff contends that Oelrich has failed to properly train and supervise his deputies and has a policy of hiring "maverick Deputies," which encourages violations of individual rights. Plaintiff also argues that Defendant Oelrich has a policy that allows improper behavior to go undetected. Plaintiff further contends that he has evidence to support his contentions of widespread abuse such as "examples of ACSP internal investigations, expert testimony, and information from public records." No evidence was submitted with his response to the motion for summary judgment, despite being advised of his obligations in defending such a motion. (Doc. 21).

Plaintiff concedes that there can be no liability premised on a theory of respondeat superior or supervisory liability. Indeed, supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related

**No. 1:04cv21-spm/ak**

to the subordinate's constitutional violation.  Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993).  Thus, insofar as Plaintiff's complaint can be construed as naming Defendant Oelrich as a defendant because he is the sheriff of Alachua County and Defendant Deputy Corwine's employer, such claims should be dismissed.

Plaintiff, however, asserts for the first time claims against Defendant Oelrich based on failure to train and policy and procedure.  A plaintiff cannot assert new claims in response to a motion for summary judgment.  Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1313 (11th Cir. 2004).  The proper procedure for raising new claims is to seek leave to amend pursuant to Rule 15, Federal Rules of Civil Procedure, and Local Rule 15.1.  Plaintiff asserts in his response that he will move to amend his complaint, but as of this date no such motion has been filed.  Further, the Initial Scheduling Order was entered on June 30, 2004, (doc. 10), and the Joint Report (doc. 11) of the parties set a deadline of August 31, 2004, for amending the pleadings.  In that report, Plaintiff did not list amendment as part of his discovery plan, and discovery terminated on November 28, 2004, nearly six months ago.  (Doc. 14).  It would be prejudicial at this point in the proceedings to allow an amendment, even if it were properly sought.  Regardless, what is at issue before the Court is Defendant's motion for summary judgment as to the claims raised against him in the pleading presently before the Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment (doc. 16) be **GRANTED**, and the claims raised in complaint, doc. 1, against Defendant Stephen Oelrich be **DISMISSED** for failure to state

**No. 1:04cv21-spm/ak**

a claim upon which relief may be granted pursuant.  It is further **RECOMMENDED** that this matter be remanded for further proceedings with regard to the remaining Defendant George Corwine.

    **IN CHAMBERS** at Gainesville, Florida, this **16th** day of May, 2005.


                            s/ A. KORNBLUM
                            **ALLAN KORNBLUM**
                            **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

    **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv21-spm/ak**